Benjamin M. Lopatin, Esq. (CA Bar No. 281730)
Email: blopatin@elplawyers.com
EGGNATZ, LOPATIN & PASCUCCI, LLP
2201 Market Street, Suite H
San Francisco, CA 94114
Office: (415) 324-8620
Fax: (415) 520-2262

Attorney for Plaintiff and the Proposed Class

David C. Kiernan (State Bar No. 215335)
dkiernan@JonesDay.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     +1.415.626.3939
Facsimile:     +1.415.875.5700

Attorneys for Defendants
Santa Fe Natural Tobacco Company
and Reynolds American Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RUSSELL BRATTAIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA FE NATURAL TOBACCO COMPANY, INC., REYNOLDS AMERICAN, INC., and DOES 1 through 59,<br><br>Defendants. | Case No. 4:15-cv-04705-JSW<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY ALL CASE PROCEEDINGS PENDING MDL DETERMINATION**<br><br>**CLASS ACTION**<br><br>*Jury Trial Requested by Plaintiff*<br><br>Complaint Filed October 9, 2015<br><br>No Trial Date Assigned Presently |

**WHEREAS,** on October 9, 2015, Plaintiff filed a complaint on behalf of himself and a proposed class alleging violations of law by Defendants regarding the advertising, marketing and sale of Natural American Spirit cigarettes;

**WHEREAS**, Defendants have filed a Motion to Dismiss [Dkt. No. 22], Request for Judicial Notice [Dkt. No. 23], Amended Request for Judicial Notice [Dkt. No. 26], and Motion for Leave to File Amended Motion to Dismiss [Dkt. No. 36], each of which remain pending and for which the time for Plaintiff to respond has not yet passed;

**WHEREAS,** on January 6, 2016, Plaintiffs in the case *Ceyhan Haksal et al. v. Santa Fe Natural Tobacco Company, Inc., et al.* 1:15-cv-001163 (D.N.M.) (collectively the "*Haksal* Plaintiffs"), brought by Plaintiffs on behalf of themselves and a proposed class alleging violations of law by Defendants regarding the advertising, marketing and sale of Natural American Spirit cigarettes, filed a Motion for Transfer of Actions to the District of New Mexico for Consolidation of All Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 [MDL No. 2695] (the "MDL Motion");

**WHEREAS,** the following five actions, including this one, are pending in district courts in California, New Mexico, New York, and Florida, are listed as Scheduled Actions in the MDL Motion and are subject to the *Haksal* Plaintiffs' MDL Motion: (1) *Haksal v. Santa Fe Natural Tobacco Co., Inc.,* No. 1:15-cv-001163 (D.N.M.); (2) *Dunn v. Santa Fe Natural Tobacco Co,. Inc.*, No. 1:15-cv-01142 (D.N.M.); (3) *Rothman v. Santa Fe Natural Tobacco Co.,* No. 7:15-cv-08622 (S.D.N.Y.); (4) *Brattain v. Santa Fe Natural Tobacco Co.,* No. 4:15-cv-04705 (N.D. Cal.); and (5) *Sproule v. Santa Fe Natural Tobacco Co.*, No. 0:15-cv-6204 (S.D. Fla.); and a sixth action, filed after the MDL Motion, (6) *Cuebas v. Santa Fe Natural Tobacco Co.,* No. 7:16-cv-00270 (S.D.N.Y.), has been identified to the MDL Panel as a possible tag-along action;

**WHEREAS,** subject to Defendants' right to oppose the MDL Motion, the parties here have met and conferred and agree that a stay in this matter pending resolution of the MDL Motion will not prejudice any of the parties, is made in good faith and in the interests of justice, is not for the purposes of delay and will conserve judicial resources, especially because the court has not yet had to consider the pending motion to dismiss or expend resources establishing a pretrial

scheduling order, and;

**WHEREAS,** "it is well-settled that district courts have the inherent power to stay proceedings" where a motion before the MDL panel is pending. *Silverthorn v. Lumber Liquidators, Inc.*, 2015 WL 2356485, 2015 U.S. Dist. LEXIS 64807, No. 15-cv-01428-JST (May 15, 2015 N.D. Cal.) (granting motion to stay over plaintiff's opposition, including stay of pending motions, until MDL panel resolved issue of whether to centralize cases).  And it is equally settled that "the power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Butler v. McKesson Corp.*, 2013 WL 4104093, 2013 U.S. Dist. LEXIS 113524, No. C13-03154-JSW (Aug. 12, 2013 N.D. Cal.) (White, J.) (granting motion to stay in potential tag-along case pending contested motion to transfer to MDL) (quoting *Landis v. North America Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936)).  *See also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (granting motion to stay pending resolution of MDL motion)

**WHEREAS**, "[w]hen evaluating a motion to stay proceedings pending a transfer to a MDL court, a primary factor to consider is the preservation of judicial resources. Staying an action pending transfer can help prevent duplicative litigation and inconsistent rulings." *Couture v. Hoffman-La Roche, Inc.*, 2012 WL 3042994, at *2, 2012 U.S. Dist. LEXIS 104023 (N.D. Cal.) (citing *Rivers*, 980 F. Supp. 1360-61) (granting motion to stay in potential tag-along action pending motion to transfer to MDL);

**WHEREAS,** by staying this action judicial resources could be conserved in at least two ways, first, "if MDL centralization is ordered and transfer is made to a court other than this one, this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge.  And  second, any efforts by this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation . . ..  Therefore, there is a great deal of this Court's time and energy that could be saved by staying the instant case pending the MDL Panel decision." *Id.;*

**WHEREAS**, while a stay pending resolution of an MDL motion is not automatic and calls for the exercise of sound discretion, "it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362 (citations omitted). *See also Good v. Prudential Ins. Co.*, 5 F. Supp.2d 804, 809 (N.D. Cal. 1998) ("courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case") (granting stay pending decision on MDL decision on potential tag-along case); *Coture,* 2012 WL 3042994*, at \*2,* 2012 U.S. Dist. LEXIS 104023 ("other courts, including courts within the Northern District, have granted motions to stay to preserve judicial resources [even where potentially dispositive motions or motions regarding the court's jurisdiction are pending]) (citing *Freitas v. McKesson Corp.*, 2012 U.S. Dist. LEXIS 6992, 2012 WL 161211, 2012 U.S. Dist. LEXIS 6992 (N.D. Cal. Jan. 10, 2012) (a potential "tag along" case was stayed pending the decision of the MDL Panel because interests of judicial economy favored a stay, plaintiffs would not have suffered undue hardship or prejudice if the case was stayed, a stay prevented the court from needlessly duplicating work or creating inconsistent rulings); *McCrerey v. Merck & Co.*, 2005 WL 6124182, 2005 U.S. Dist. LEXIS 36803 (S.D. Cal. Mar. 3, 2005) (court granted stay pending decision by MDL panel because judicial economy and consistency would be best served, and also neither party would be prejudiced).

**WHEREAS,** the court in one of the actions subject to the pending MDL Motion has *sua sponte* issued an order to show cause why that case should not be stayed pending resolution of the MDL Motion. *Sproule v. Santa Fe Natural Tobacco Co.*, No. 0:15-cv-6204 (S.D. Fla.) [Dkt. No. 28, Jan. 15, 2016];

**WHEREAS**, the Parties expect the MDL Motion to be resolved promptly (responses to the MDL Motion are due in less than one week, on January 27, 2016 and though oral argument is not yet assigned the next MDL Panel hearing after January is March 31, 2016);

**WHEREAS,** judicial economy favors a stay pending transfer to MDL court, to avoid

duplicative litigation and prevent inconsistent rulings, the Parties agree that the current case should be stayed pending the outcome of the MDL Motion:

**NOW, THEREFORE** the Parties hereby agree, stipulate, and respectfully request that:

1. The Court stay all proceedings in this action pending resolution of the MDL Motion, and the Hearing on Defendants' Motion to Dismiss and Amended Request for Judicial Notice currently set for February 26, 2016 be ~~continued.~~ vacated and reset, if necessary by further order.

2. The Parties be directed to notify the Court within five (5) business days after the panel rules on the pending MDL Motion.

3. If the MDL Motion is denied or this action is otherwise not made a part of any MDL ordered as a result of the MDL Motion, the Parties be directed to propose a scheduling order regarding the conclusion of briefing on pending motions to ensure further that no party is prejudiced by the requested stay.

**IT IS SO STIPULATED.**

Dated: January 21, 2016

                                    **Respectfully Submitted,**

                                    EGGNATZ, LOPATIN & PASCUCCI, LLP

                                    By: */s/ Benjamin M. Lopatin*
                                        Benjamin M. Lopatin

                                    2201 Market Street, Suite H
                                    San Francisco, California 94114
                                    Telephone:  415-324-8620
                                    Facsimile:   415-520-2262

                                    Attorneys for Plaintiff Russell Brattain and
                                    the Proposed Class

                                          -and-

JONES DAY

By:   */S/* David C. Kiernan
      David C. Kiernan

Attorneys for Defendants
Santa Fe Natural Tobacco Company and
Reynolds American Inc.

**CERTIFICATION OF COUNSEL**

Pursuant to L.R. 5-1(i), I, David C. Kiernan, attest that the concurrence in the filing of this document has been obtained from Benjamin M. Lopatin, and as a result, Mr. Lopatin's electronic signature shall serve in lieu of a hand signature.

By:  */s/* David C. Kiernan
     David C. Kiernan

**IT IS SO ORDERED.**

DATED: January 22, 2016

THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE